# HILLSBOROUGH.

## JULY TERM, A. D. 1846.

## Brown *v.* Ray.

Where a surety, before he is damnified, takes security from the principal, to indemnify himself against loss, a co-surety is entitled to share the benefit of the security thus taken.

If there are several demands upon which he is surety, with different co-sureties, and the security is taken generally, for his indemnity, it is to be apportioned among all the demands *pro rata*.

If one who is a creditor, and also a surety, takes security for the debt due to himself, as well as to indemnify him against the demands on which he is surety, he is entitled to appropriate so much of it as is necessary to the payment of his debt in full.

But the party thus receiving security is not entitled to hold against the co-sureties, on account of demands against the debtor which he purchased after the transfer of the security to him, unless there was an agreement at the time that he should purchase such demands and hold the security for them also.

Assumpsit, to recover the sum of $254.55, paid by the plaintiff to the Derry Bank, being the amount of a note signed by the parties, and one William Hall, dated October 31, 1842, on which the above sum was due when the plaintiff paid it, May 30, 1844.

The evidence tended to show that the note in question was given to renew a note made payable to the bank, signed by the parties to it, for the benefit of John R. Hall, who had the money.

It was further in evidence that the defendant was also surety for Hall, on other notes and obligations, to which the

plaintiff was not a party ; that the defendant held several notes against Hall, some of which were payable to him, and some payable to other persons and purchased by him ; that Hall, on the 4th of October, 1841, made an estimate, with the defendant, of his liabilities (of which the note to the bank formed a part), amounting to about $1500, for which sum Hall gave a note to the defendant, and also two mortgages to secure the note, and on the following day another mortgage ; that the defendant subsequently stated that the security was more than enough to indemnify him for all his liabilities; and that the defendant afterward foreclosed the mortgages, and has held the land ever since, except a portion of it which he sold at public auction a short time before the trial.

The defendant offered evidence to show that the lands were of less value than the claims he had against Hall.

The court instructed the jury, that if one of several sureties should take collateral security from the principal, for several liabilities, upon some of which A was co-surety, and upon others B was co-surety, he must apply the property, *pro rata*, upon each demand ; that he could not apply any part of it to pay claims which he had subsequently purchased ; and that no part of it could be applied to claims for which the security was not given, although there was a preëxisting liability on such claims.

The defendant excepted, and moved for a new trial.

*Foster*, for the plaintiff.

*West & Morrison*, for the defendant.

PARKER, C. J. When a surety, before he is damnified, takes security from the principal, to indemnify himself against loss, a co-surety is entitled to share the benefit of the security thus taken.

The defendant, when he took the security, was surety

upon several demands, upon which the plaintiff and other persons were severally co-sureties, and the security was taken generally to indemnify him on all the demands. The indemnity furnished by the security must, therefore, be apportioned among the several demands, as far as the sureties have an interest in it.

But the plaintiff had demands of his own against Hall; the security was taken for his demands as well as to indemnify him as surety; and he is entitled to apply the security in the first instance to the payment of his demands in full, they being present debts and the other but a contingent liability. None of the other sureties are interested with him thus far, and they are not entitled to set up an interest adverse to him, so far as he, without their interference, obtained a security upon the debts due to himself. They come in for a share of the benefit, so far as they are co-sureties, upon the ground that he has taken the security for indemnity against a liability common to all, and that it is one, therefore, in which they have a common interest. So far as he has a security in which they have not such interest, he is entitled to hold it; and having obtained the security without their assistance, for his own debts as well as the other demands, he is entitled to apply it first to his own debts. He took the whole for his own use and indemnity. To the extent of his debt he may rightfully hold it for his own use.

But the defendant is not entitled to hold anything, against the co-sureties, on account of demands against Hall, which he has purchased since the time of the transfer. The right of the co-sureties to participation in the benefit of the security attached when it was taken; and it cannot be divested by such subsequent purchase, unless it was part of the agreement at the time when the security was taken, that the defendant should purchase such demands, the security being taken for them also.

Whether a bill in equity would not have been the more

appropriate remedy, we have not considered. It does not appear that the other co-sureties were not satisfied, and no objections of that character were taken at the trial.

The instructions were erroneous in regard to the right of the defendant to retain for demands due him at the time, for which reason there must be a

*New trial.*